UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TRAVIS SENTEL PICKENS,**
    Plaintiff,

**v.**

**WARDEN MS. MORGAN, et al.,**
    Defendants.

**Case No. 2:24-cv-231-CLM-HNJ**

# ORDER

In this 42 U.S.C. § 1983 action, Plaintiff Travis Sentel Pickens brings several claims related to incidents at Donaldson Correctional Facility. (*See* Doc. 1). Construing Pickens' pro se complaint liberally, the court has interpreted Pickens' complaint as bringing these claims:

- Claim #1: A claim for injunctive relief that requests that all named defendants be fired.

- Claim #2: Official capacity monetary claims against each defendant.

- Claim #3: Failure to protect claims against Defendants Jackson, Edmonds, Mitchell, Watts, Classification Specialist Smith, and Jawwaad related to three altercations on February 19, 2023.

- Claim #4: Deliberate indifference to serious medical needs claims against Edmonds, Watts, Wheat, Jawwaad, and Classification Specialist Smith for their refusal to allow Pickens to seek treatment for stab wounds suffered during the February 19, 2023, altercations.

- Claim #5: A deliberate indifference to serious medical needs claim against Officer Ellis following a December 15, 2023, pepper spraying incident.

- Claim #6: A deliberate indifference to serious medical needs claim related to prison officials' failure to provide Pickens with a therapeutic diet.

- Claim #7: An excessive force claim against Officer Ellis related to the December 15, 2023, pepper spraying incident.

- Claim #8: An access to courts claim related to officials' failure to provide Pickens with forms for filing administrative grievances or a § 1983 complaint and the failure to deliver Pickens his legal mail.

- Claim #9: A First Amendment interference with mail claim.

- Claim #10: Conditions of confinement claims related to (a) Officer Ellis denying Pickens food, (b) Pickens being fed spoiled food and contaminated water, and (c) Officer Ellis denying Pickens a shower on December 15, 2023.

- Claim #11: A procedural due process claim related to prison officials' failure to respond to Pickens' grievances.

(*See generally* doc. 13).

The magistrate judge has entered a report, recommending that the court refer several of Pickens' individual capacity claims for monetary damages to the magistrate judge for further proceedings and dismiss the remainder of Pickens' claims without prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. (Doc. 13). The magistrate judge advised Pickens of his right to file specific written objections within 14 days. But the court has not received any objections.

Having considered the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **REFERS** the following individual capacity claims for monetary damages to the magistrate judge for further proceedings:

- Pickens' claims against Captain Wheat for deliberate indifference to Pickens' serious medical needs following the February 19, 2023, altercations.

- Pickens' claims against Captain Watts for (a) failing to protect Pickens from the second and third February 19, 2023, altercations, and (b) deliberate indifference to Pickens' serious medical needs following these altercations.

- Pickens' claims against Lieutenant Edmonds for (a) failing to protect Pickens from the second and third February 19, 2023, altercations, and (b) deliberate indifference to Pickens' serious medical needs following these altercations.

- Pickens' claims against Classification Supervisor Jawwaad for (a) failing to protect Pickens from the second and third February 19, 2023, altercations, and (b) deliberate indifference to Pickens' serious medical needs following these altercations.

- Pickens' claims against Classification Specialist Smith for (a) failing to protect Pickens from the second and third February 19, 2023, altercations, and (b) deliberate indifference to Pickens' serious medical needs following these altercations.

- Pickens' First Amendment interference with mail claims against Business Office Supervisor Sulavain and Mail Clerk Coleman.

- Pickens' claims against Correctional Officer Ellis for (a) using excessive force on December 15, 2023, and (b) being deliberately indifferent to Pickens' serious medical needs following the December 15, 2023, pepper spraying incident.

Under 28 U.S.C. § 1915A(b)(1), the court **DISMISSES WITHOUT PREJUDICE**:

- Pickens' claims for injunctive relief.

- The official capacity monetary claims against all defendants.

- Pickens' failure to protect claims related to the first altercation on February 19, 2023.

- Pickens' deliberate indifference to serious medical needs claim related to failing to provide him with a therapeutic diet.

- Pickens' access to courts claims.

- Pickens' conditions of confinement claims.

- Pickens' procedural due process claims.

The court **DIRECTS** the Clerk of Court to terminate Warden Morgan, Warden Smith, Lieutenant Mitchell, and Sergeant Jackson as defendants listed on the docket sheet.

The court further **DIRECTS** the Clerk to send a copy of this order to Pickens at his address of record.

**Done** and **Ordered** on June 17, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE